PER CURIAM.
WRIT GRANTED, REMANDED WITH ORDER. Relator’s convictions by the district court for three city ordinance violations (remaining in places after being forbidden, battery of a police officer, and resisting arrest) are reversed, the sentences imposed by the district court are set aside, and this matter is remanded for further proceedings consistent with the views expressed herein.
Prosecution for these offenses was instituted in the City Court of Slidell where relator was found guilty of violating city code ordinances. Relator appealed to the district court. The district court held a trial de novo and found relator guilty.
In 1960, the legislature combined numerous statutes which applied to the various city courts-which were in existence at that time. The Slidell City Court was not in existence at that time. The general provisions are found in La. R.S. 13:1870— 13:1908. The general provisions do not *269 apply to any of the courts in New Orleans, and “[e]xcept as otherwise specifically provided by law, the provisions of this Part [Part I of Chapter 7 of Title 13] apply to all other city courts, whether presently in existence or hereafter created.” La. R.S. 13:1871.
In 1964, the City Court for Slidell was established. See La. R.S. 13:2487.1 (added by 1964 La. Acts No. 102, § 1). Specific statutes regulating the City Court of Sli-dell are in Part IV of Chapter 7 of Title 13, La. R.S. 13:2487.1 — 13:2487.29. One of the specific statutes applying to the Slidell City Court provides that appeals in criminal cases are as provided in “Article VII, Sections 10 through 36 of the [1921] Constitution.” La. R.S. 13:2487.23. Under the 1921 Constitution, district courts had appellate jurisdiction of all appeals from sentences imposing a fine or imprisonment by a city court, and the appeals were to be by trial de novo. La. Const, of 1921, art. VII, § 36. This provision of the 1921 Constitution was not retained as a statute by the 1974 Constitution and, thus, was repealed with the adoption of the 1974 Constitution. See La. Const, art. XIV, §§ 16 & 17.
Under the 1974 Constitution, district courts have appellate jurisdiction as provided by law. La. Const, art. V, § 16(B). The appeal of a "judgment in a criminal case tried under a city ordinance in a city court is by appeal to the district court, and the appeals are on the law alone. La. R.S. 13:1896(B) (as amended in 1974). Prior to the 1974 amendment, R.S. 13:1896(B) provided for de novo review in the district court. Although R.S. 13:1896(B) was amended in 1974, the special statute for Slidell was never amended, and it now refers to a provision of the 1921 Constitution which has since been repealed. Because the specific statute regulating the appeal of criminal convictions from the Slidell City Court relies on a provision no longer in existence, the more general statute, contained in Part I, applies. Under that provision, the district court should not have held a trial de novo. Accordingly, this matter is remanded and the district court is ordered to review the merits of relator’s appeal based on the record from city court.